UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
MICHELLE MULLÉ,

                Plaintiff,

        -against-

PARIGI GROUP, LTD.
                Defendants.
-------------------------------------------------------------- X

**06 CV**

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

      Plaintiff, Michelle Mullé ("Plaintiff" or "Plaintiff Mullé"), by her attorneys, The Boyd Law Group, PLLC and for her Complaint against Defendant the Parigi Group, Ltd. ("Defendant" or "Defendant Parigi Group") alleges as follows:

### THE PARTIES

1. Plaintiff Mullé, is a citizen of the State of New Jersey. At all times relevant to the complaint at issue, Plaintiff resided at 3 Cobblestone Court, Holmdel, NJ 07733.

2. Plaintiff Mullé has an Associate Degree in Fashion Design and has been working as a designer for the past four years.

3. Plaintiff Mullé has a significant congenital birth defect that restricts her ability to use her right hand, and affects the appearance of her right hand.

4. This birth defect is easy to notice.

5. Plaintiff Mullé is a qualified individual with a disability for purposes of Federal, State and local law.

6. Upon information and belief, Defendant Parigi Group is a clothing design company

that designs clothing and accessories for women, children and infants.

7. Upon information and belief, Defendant is responsible for celebrity clothing lines.

8. Upon information and belief, Defendant's principal place of business is located at 112 West 34th Street, Suite 709, New York, NY 10120.

### NATURE OF THE ACTION

9. This is a civil action for damages and remedies brought under The Americans with Disabilities Act ("Americans With Disabilities Act" or "ADA") of 1990, 42 U.SC. 12101, as amended, *et seq.*, New York Human Rights Law, N.Y. Exec. Law § 290 *et seq.,* and New York City Human Rights Law, NYC Admin Code § 8-101 *et seq.*

10. Specifically, Defendant discriminated against Plaintiff Mullé because of her disability, and their perception of her disability, by horribly and offensively harassing her and refusing to hire her.

### JURISDICTION AND VENUE

11. This Court has jurisdiction over this action under 28 U.S.C. § 1331 for civil actions arising under the laws of the United States and 28 U.S.C. 1343 for actions under laws providing for the protection of civil rights.

12. Declaratory and injunctive relief are sought under 28 U.S.C. § 2201 et seq.

13. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in the Southern District of New York.

**ADMINISTRATIVE PREREQUISITES**

14. Plaintiff Mullé filed an Equal Employment Opportunity ("EEO") complaint of discrimination against Defendant on or about April 2005 and had her charge verified on June 3, 2005.

15. At the request of undersigned counsel, the Equal Employment Opportunity Commission ("EEOC") mailed a right to sue letter to Plaintiff and the undersigned counsel on or about January 20, 2006.

16. A copy of this right to sue is annexed hereto as Exhibit A.

**FACTS**

17. Plaintiff Mullé is a clothing designer and submitted her resume to a recruiting agency called Just Management in early 2005.

18. An employee at Just Management named Jennifer Glenn ("Ms. Glenn") worked with Plaintiff Mullé's resume and tried to find her an appropriate job.

19. Upon information and belief, Just Management, through Ms. Glenn, submitted Plaintiff Mullé's resume to several employers.

20. Upon information and belief, Defendant, contacted by Ms. Glenn at Just Management, asked that Plaintiff Mullé come to Defendant's offices for an interview.

21. On March 21, 2005, Plaintiff Mullé arrived at Defendant's offices and commenced an interview with Elisa Dealmeida ("Ms. Dealmeida"), a design Director for Defendant Parigi Group.

22. Upon information and belief, the interview Plaintiff had with Ms. Dealmeida went quite well.

23. In fact, Ms Dealmeida brought the owner of the company in to join the meeting and interview Plaintiff.

24. The owner was referred to as "Stella".

25. Upon information and belief "Stella" is Ester Jmal, the Vice President of Design at Parigi Group (hereinafter "Ms. Jmal")

26. Plaintiff has a congenital birth defect and, on occasion, she will hide it to prevent staring and discrimination.

27. Plaintiff was trying to do so during part of the interview, but this was not possible because she was holding and turning pages of her portfolio during the interview with Ms. Dealmeida and Ms. Jmal.

28. Ms. Jmal quickly identified that Plaintiff was shy about her hand and immediately commenced asking Plaintiff unkind and rude questions about same.

29. Ms. Jmal asked Plaintiff what was wrong with her hand.

30. She told Plaintiff that she looked stupid with her hand and said she looked stupid turning the pages of her portfolio with one hand. Ms Jmal questioned Plaintiff's portfolio and capabilities and stated that there is no way that Plaintiff could have done all that work with only one hand.

31. Ms. Jmal told Plaintiff that she should tell others, presumably prospective employers, that there was something wrong with her hand.

32. Plaintiff was humiliated and hurt by Ms. Jmal's comments.

33. As Ms. Jmal continued to stare at Plaintiff, Plaintiff placed her portfolio back in her bag and decided to leave the interview.

34. Plaintiff was offended and embarrassed and on the verge of tears.

35. A soon as Plaintiff left the interview she called Ms. Glenn at Just Management to tell her about the horrible treatment she had endured.

36. Ms. Glenn apologized to Plaintiff for the horrible treatment and told Plaintiff that she would call Ms. Dealmeida at Parigi Group and see why this incident had occurred.

37. After this call was over, Plaintiff called her friend crying and the treatment she had been subjected to.

38. Several days later, on or about March 29, 2005, Ms. Glenn called Plaintiff.

39. Ms. Glenn had spoken with Ms. Dealmeida who was very upset about the whole incident.

40. Ms. Dealmeida told Ms. Glenn that she was sick over how poorly Plaintiff had been treated.

41. Ms. Dealmeida also told Ms. Glenn that she was terribly sorry, but that Plaintiff could not be hired.

42. No reason was given for not hiring Plaintiff, though the facts spoke for themselves.

43. Upon information and belief, Plaintiff was harassed, insulted and denied a job all because of her disability or perceived disability in violation of Federal, State and local law.

44. The discriminatory acts described above are a representative but not exhaustive list of those Plaintiff Mullé has been subjected to.

45. Medical documentation demonstrates that Plaintiff Mullé did suffer emotional distress as a result of the above-referenced incident.

## FIRST CAUSE OF ACTION
**(Disability Discrimination in Violation of The Americans With Disabilities Act)**

46. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 45 as if separately set forth herein.

47. Plaintiff is a qualified individual with a disability within the meaning of the Americans with Disabilities Act.

48. Defendant is an employer within the meaning of the Americans with Disabilities Act.

49. Defendant discriminated against Plaintiff based upon her disability or perceived disability in violation of the Americans with Disabilities Act.

50. Plaintiff is, thus, entitled to relief.

## SECOND CAUSE OF ACTION
**(Disability Discrimination in Violation of New York State Executive Law)**

51. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 50 as if separately set forth herein.

52. Plaintiff is a qualified individual with a disability within the meaning of the New York State Human Rights law.

53. Defendant is an employer within the meaning of the New York State Human Rights Law.

54. Defendant discriminated against Plaintiff based upon her disability or perceived disability in violation of the New York State Human Rights Law.

55. Plaintiff is, thus, entitled to relief.

## THIRD CAUSE OF ACTION
**(Disability Discrimination in Violation of the New York City Administrative Code)**

56. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 55 as if separately set forth herein.

57. Plaintiff is a qualified individual with a disability within the meaning of the New York City Administrative Code.

58. Defendant is an employer within the meaning of the New York City Administrative Code.

59. Defendant discriminated against Plaintiff because of her disability or perceived disability in violation of the New York City Administrative Code.

60. Plaintiff is, thus, entitled to relief.

WHEREFORE, while reserving the right to seek additional damages and plead additional causes of action as available, Plaintiff demands judgment against Defendant as follows:

A. A declaratory judgment in favor of Plaintiff Mullé, against Defendant, declaring that Defendant has violated The Americans with Disabilities Act and/or The New York State Executive Law and/or the New York City Administrative Code by discriminating against Plaintiff based upon her disability or perceived disability;

B. On the applicable all Causes of Action, back pay and benefits and front pay and benefits, plus compensatory and punitive damages, all in amounts to be determined at trial, as well as attorneys' fees, costs and interest;

  C. Such other and further relief as this Court deems just and proper.


Dated: New York, New York
    April 13, 2006

              THE BOYD LAW GROUP, PLLC


              By:_____
                Patrick J. Boyd (PB 0921)
                Attorney for Plaintiff
                230 Park Avenue, Suite 1000
                New York, New York 10169
                (212) 808-3054